| | | |
|---|---|---|
| KEVIN COVERT<br>821 Kingstree Rd.<br>Baltimore, MD 21234, | * | IN THE |
| | * | CIRCUIT COURT |
| *Plaintiff* | * | FOR |
| v. | * | BALTIMORE CITY |
| AUTOMOTIVE CREDIT CORP.<br>26261 Evergreen Rd.<br>Southfield, MI 48037<br>SERVE ON:<br>The Corporation Trust, Inc.<br>351 W. Camden St.<br>Baltimore, MD 21201 | * | CASE NO.: 24-C-13-002389 OT |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Kevin Covert, through his attorneys Thomas J. Minton and Goldman and Minton, P.C., makes the following complaint against Defendant Automotive Credit Corp. ("ACC") Financing").

### I. INTRODUCTION

1. Plaintiff Kevin Covert is a resident of Baltimore City.

2. In January 2012, Mr. Covert purchased a used 2010 Chrysler Sebring from Am-Ko Auto, Inc. in District Heights, Maryland. He financed that purchase with a loan from Defendant ACC in the amount of $14,578.00, plus $1,700.00 in cash.

3. As with all financing agreements in this case pertaining to all class members herein, Mr. Covert's financing contract was a Closed End Sale Contract governed by Title 12, Subtitle 10 of the Maryland Commercial Law Article ("CLEC").

4. ACC is licensed by the Maryland Commissioner of Financial Regulation, is a Michigan corporation with a principal place of business in Southfield, Michigan, and maintains an office in Maryland.

5. ACC regularly provides financing in Maryland for used car purchases and, as part of its financing contracts, acquires security interests in the cars that are purchased with the loan proceeds.

6. ACC avails itself of the courts of this State to seek deficiency judgments against its borrowers who fail to make loan payments.

7. This action arises from ACC's violation of Title 12, Subtitle 10 of the Maryland Commercial Law Article in the course of the repossessions conducted by ACC; ACC does not provide defaulting borrowers with complete and accurate notices of repossession, or with complete and accurate notices of sale, as required by § 12-1021 thereof.

8. Venue is proper in this Court because Plaintiff resides in Baltimore City, and the repossession at issue occurred in Baltimore City.

## II. FACTS APPLICABLE TO NAMED PLAINTIFF

9. After Mr. Covert purchased his car, he made a number of required monthly payments. Eventually, however, his financial circumstances deteriorated, causing him to miss a payment. Although he tried to catch up, ACC deemed him to be in default.

10. On or about January 17, 2013, ACC repossessed Mr. Covert's car.

11. On or about that same day, ACC sent a Notice of a "Right to Redeem" to Mr. Covert at his home. The Notice that ACC sent was defective; it did not properly inform Mr. Covert of his right to redeem the property, or the means by which he could do so; it included an excessive and improper $315 repossession fee; it included improper interest and late charges of $286.

12. The Notice sent by ACC invited Mr. Covert to contact ACC for further information about their calculations. When he did so, ACC added additional amounts to the redemption amount, instructing him that he not only had to make up a missed payment, but that he had to pay at least one month's future payment in advance. ACC also informed him that it would cost approximately $1,900 to redeem the car and resume performance under the retail installment sale contract.

13. The Notice informed Mr. Covert that he would be given advance notice of any public sale of the car. ACC sent Mr. Covert a notice on February 5 announcing a sale on February 19.

14. Upon information and belief, the car was not sold, or offered for sale, on February 19.

15. To date, ACC has not sent Mr. Covert a required post-sale notice setting forth the results of that sale.

16. Specifically, ACC has not informed Mr. Covert:

a. Whether the sale was a public or private sale;

b. The unpaid balance at the time the goods were repossessed;

c. The refund credit of unearned finance charges, if any;

d. The remaining net balance;

e. All expenses incurred as a result of the sale;

f. The purchaser's name, address, and business address;

g. The number sought and received;

h. Any statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased or below the market value for goods of like quality.

III. CLASS ACTION ALLEGATIONS

17. Plaintiff seeks to represent a class of persons defined as follows:

> All Maryland residents who: (1) financed the purchase of a motor vehicle with Automotive Credit Corp. ("ACC"); (2) later defaulted on his or his loan; (3) had the motor vehicle repossessed by ACC, and; (4) did not receive timely and accurate Notices of Repossession, Notices of Sale, and/or post sale accountings.

18. Upon information and belief, the class is so numerous as to make joinder of all members impracticable.

19. Class members share common issues of fact and law in that all of the relevant contracts are governed by CLEC, and the form notices utilized by ACC are uniformly defective and/or are not sent as required.

20. The named plaintiff's claims are typical of class members' claims in that resolution of the common issues described above as to Mr. Covert will control resolution as to all class members.

21. The named plaintiff is an adequate representative of the class in that he has no conflicts of interest with the class and has retained competent counsel to prosecute the class action vigorously on behalf of the class.

22. A class action may be maintained in this matter because plaintiff seeks on behalf of the class declaratory relief and injunctive relief, as well as restitution.

23. As to the damages claimed herein, a class action is superior to other methods for the efficient prosecution of this case because common issues of law and fact predominate over any issues affecting only individual members of the class, and because the nature of these consumer claims on their own is such that it would be extremely difficult and costly for class members to pursue the claims individually.

## COUNT I - DECLARATORY JUDGMENT

24. The allegations of the foregoing paragraphs 1 through 23 are incorporated herein by reference as if fully set forth.

25. The named plaintiff and class members on the one hand, and ACC on the other, are parties to financing contracts.

26. The contracts at issue are installment sales contracts. The form of contract utilized by ACC specifically denotes the Credit Grantor Closed End Credit Provisions of Maryland Commercial Law Title 12, Section 10, as controlling.

27. Among other things, the referenced section of the Maryland Commercial Code governs the rights and obligations of the parties in the event that collateral, in this case cars, are repossessed by ACC.

28. Among the duties imposed on ACC pursuant to the contracts is a duty to send notices of repossession to those whose cars are repossessed.

29. The law governs the form of that notice, requiring ACC to inform the defaulting borrower of his or his right to redeem the car by tendering the amount due at the time of the redemption. The law does not permit ACC to accelerate any part of the note by requiring that one or more future monthly payments be tendered as a condition to redemption by the borrower.

30. Because ACC does not send pre-repossession notices, the law does not permit recovery of repossession costs or storage costs at the time of redemption. ACC's post-repossession notices require such payments in contravention of the statute.

31. The law also requires notice of the time and place of the sale but ACC does not uniformly send notices with accurate sales dates.

32. Compliance with the notice provisions of § 12-1021 of the Commercial Code is a condition precedent to ACC's ability to seek deficiencies from borrowers.

WHEREFORE, plaintiff on behalf of himself and the class alleged herein, asks this Court for a declaratory judgment and for permanent injunctive relief as follows:

1. Plaintiff asks the Court to declare the form Notice of Repossession attached to this Complaint to be invalid pursuant to Maryland Commercial Code Section 12-1021;

2. Plaintiff seeks an injunctive order permanently requiring ACC to comply with its contracts and with the referenced statute by issuing notices of repossession which are complete and accurate, and notices of sale which are timely and accurate.

3. Plaintiff seeks an order enjoining ACC from further prosecution of any pending actions in this State in which it has filed or intends to file complaints for deficiency judgments.

## COUNT II - BREACH OF CONTRACT

33. The allegations of the foregoing paragraphs 1 through 23 are incorporated herein by reference as if fully set forth.

34. ACC and the named plaintiff and class members herein are bound by the terms of contracts which incorporate Title 12, Article 10 of the Maryland Commercial Code.

35. In its standard procedures following repossession of class members' cars, ACC fails to abide by the terms of the contracts and Title 12, Article 10 of the Maryland Commercial Code, as described more particularly above.

36. In so doing, ACC breaches its contract with its customers and fails to conduct resales in a commercially reasonable manner.

37. As part of its breach of contract, ACC sometimes also proceeds to file actions against class members in the district courts of this State where it seeks and obtains deficiency judgments against them.

38. ACC's actions upon default and repossession of collateral are inconsistent with the contractual terms that bind ACC, and class members are harmed by this practice.

6

WHEREFORE plaintiff seeks judgment against ACC on behalf of himself and the class herein, for all sums paid by them to ACC post-repossession sales of their cars, plus prejudgment interest, plus the costs of defending improper actions to collect deficiencies, plus such others and further relief as this Court may deem appropriate.

### COUNT III - CIVIL PENALTIES FOR VIOLATION OF CREDIT GRANTOR CLOSED END CREDIT PROVISIONS

39. The allegations of the foregoing paragraphs 1 through 23 are incorporated herein by reference as if fully set forth.

40. ACC selects CLEC as the governing statute in its form contracts for consumer loans.

41. CLEC makes mandatory certain notice requirements upon repossession of collateral. As described above herein, however, ACC has failed to adhere to CLEC's notice requirements both substatively and procedurally.

42. Despite numerous violations of CLEC's notice requirements, ACC has continued to collect scek deficiencies from defaulting borrowers, including interest, costs, fees and other charges with respect to the loans at issue. This practice violates the provisions of § 12-1018 of the Maryland Commercial Code.

43. ACC's actions in this regard have been deliberate.

WHEREFORE plaintiff seeks on behalf of hisself and all class members herein, treble damages under § 12-1018 of the Maryland Commercial Code, including three times the amount of interest, fees and othis charges collected by ACC, plus such other and further relief as this Court may deem appropriate.

## COUNT IV – CONSUMER DEBT COLLECTION VIOLATIONS

44. The allegations of the foregoing paragraphs 1 through 23 are incorporated herein by reference as if fully set forth.

45. ACC is a collector and plaintiff and the class members are persons as those terms are defined in the Maryland Consumer Debt Collection Act.

46. As a collector, ACC regularly violates § 14-202 of the Act in that ACC claims, attempts, or threatens to enforce a right with knowledge that the right does not exist, in that ACC pursues or has pursued collection actions against plaintiff and the class herein, claiming full compliance with the consumers' contracts and applicable Maryland law, knowing that ACC is not in compliance with the contracts and the law, and in seeking amounts for redemption of repossessed collateral that CLEC prohibits ACC from requesting.

WHEREFORE plaintiff seeks judgment on behalf of himself and all class members herein against ACC for the four year period preceding the filing of this Complaint, for all amounts collected by it pursuant to the notices described herein, plus prejudgment interest, plus an award of attorneys' fees, plus emotional distress and mental anguish as permitted by Md. Comm. Code § 14-203, plus such other and further relief as this Court may deem appropriate.

_____
Thomas J. Minton
Goldman & Minton, P.C.
1500 Union Avenue, Suite 2300
Baltimore, Maryland 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this matter for all issues so triable.

Respectfully submitted,

*/s/ Thomas J. Minton*
Thomas J. Minton
Goldman & Minton, P.C.
1500 Union Avenue, Suite 2300
Baltimore, Maryland 21211
Ph (410) 783-7575
Fax (410) 783-1711
tminton@charmcitylegal.com