# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KEVIN COVERT, | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. JKB-13-1928 |
| AUTOMOTIVE CREDIT CORP. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Kevin Covert ("Plaintiff") brought this putative class action against Automotive Credit Corporation ("Defendant") alleging breach of contract and violations of the Maryland Credit Grantor Closed End Credit Provisions ("CLEC"), MD. CODE ANN., COM. LAW §§ 12-1001, *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), MD. CODE ANN., COM. LAW §§ 14-201, *et seq.* Now pending before the Court is Plaintiff's motion to remand the case to state court. (ECF No. 16). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Plaintiff's motion will be GRANTED.

### I.   BACKGROUND

On April 23, 2013, Plaintiff filed this action in the Circuit Court of Maryland for Baltimore City ("Circuit Court"). (*See* Compl., ECF No. 2).

On May 31, 2013, Defendant filed a motion to strike Plaintiff's class action complaint and jury demand with the Circuit Court. (ECF No. 4). Defendant claimed that the complaint failed to meet the requirements of Md. R. 2-305 in that it failed to include an *ad damnum* clause.

(*Id.* ¶¶ 3, 4, 6).[1] On June 11, Plaintiff filed an amended complaint with the Circuit Court. (*See* Am. Compl., ECF No. 6). On July 8, this Court found Plaintiff's motion to strike to be moot. (ECF No. 14).

The allegations in the complaint stem from the events surrounding the repossession of Plaintiff's car by Defendant after Defendant deemed him in default of his retail installment contract. (*Id.* ¶¶ 9, 10). Specifically, Plaintiff alleges that Defendant failed to send defaulting borrowers adequate pre- and post-repossession notices and unlawfully collected or sought deficiencies from defaulting borrowers for interest, costs, fees, and other charges, in violation of CLEC and the MCDCA and in breach of the retail installment contract that Plaintiff and members of the putative class entered into with Defendant. (*Id.*, ¶¶ 11-16, 25-32, 34-38, 40-43, 44-46). The amended complaint includes *ad damnum* clauses for Counts II, III, IV, and V stating that Plaintiff is seeking judgment in the amount of $50,000 for himself and a sum in excess of $75,000 on behalf of the putative class. (*Id.*).

Defendant removed the case on July 2, 2013, invoking this Court's diversity jurisdiction on two grounds, the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), and 28 U.S.C. § 1332(a). (ECF No. 1 ¶ 6). The next day, on July 3, 2013, Defendant filed a motion to compel arbitration and stay the proceedings. (ECF No. 10).[2] On July, 11, Plaintiff filed the motion to remand to state court that is currently before this Court. (ECF No. 16).

---

[1] The Rule provides, in relevant part, that: "Unless otherwise required by law, (a) a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought, and (b) a demand for a money judgment that exceeds $75,000 shall not specify the amount sought, but shall include a general statement that the amount sought exceeds $75,000." Md. Rule 2-305.

[2] On July 15, 2013, this Court approved the stipulation jointly submitted by Plaintiff and Defendant to extend the deadline for Plaintiff's opposition to the motion to compel arbitration and stay proceedings pending this ruling. (ECF No. 18).

## II. LEGAL STANDARD

An action brought in state court may be removed where the district court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a).

The Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), confers original jurisdiction to federal district courts over class actions in which (1) the class is comprised of at least one hundred plaintiffs, §1332(d)(5)(B), (2) any member of the class of plaintiffs is a citizen of a state different from any defendant, §1332(d)(2)(A), and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. §1332(d)(2); *Bartnikowski v. NVR, Inc.*, 307 Fed.Appx. 730, 734 (4th Cir. 2009).

In addition, 28 U.S.C. § 1332(a) confers original jurisdiction to federal district courts where the matter in controversy (1) "exceeds the sum or value $75,000, exclusive of interest and costs," §1332(a), and (2) is between "citizens of different States." § 1332(a)(2).

A defendant seeking removal of a civil action from a state court "shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleading, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). This notice must be filed within thirty days after receipt by the defendant of the initial pleading, § 1446(b)(2)(B) or, if the case stated by the pleading is not removable, within thirty days after receipt "of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

"If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court, through removal, it is the defendant who carries the burden of alleging in his notice

of removal, and if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)).

### III. ANALYSIS

This memorandum will address Defendant's two grounds for removal, CAFA and § 1332(a), in separate sections.

### a) Defendant's Notice of Removal Fails to Allege Sufficient Facts for Removal under CAFA

Federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. *Strawn* 530 F.3d at 296; *see generally* 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3522 (3d ed.). Therefore, federal courts "must strictly construe removal jurisdiction" as it "raises significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

A defendant who seeks to remove a case filed in state court "must allege . . . the federal court's jurisdiction over the matter." *Strawn*, 530 F.3d at 296.[3] In particular, a defendant's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). As the Fourth Circuit has explained, "while the notice of removal is not a pleading as defined by Federal Rule of Civil Procedure 7(a), this language in § 1446(a) is deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)). Therefore, "just

---

[3] This requirement is unchanged in the context of removals pursuant to CAFA. *Bartnikowski*, 307 Fed.Appx. at 734; *Strawn*, 530 F.3d at 297.

as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that [the matter in controversy exceeds jurisdictional minimums], . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Ellenburg,* 519 F.3d at 200.

Where a removal notice fails to make the basis for federal jurisdiction sufficiently clear and does not contain enough information for the district judge to determine whether jurisdiction exists, it is defective. 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3733 (4th ed.). In particular, a defendant seeking to remove a class action pursuant to CAFA must allege (1) minimal diversity, 28 U.S.C. § 1332(d)(2)(A), (2) an aggregate amount in controversy exceeding $5 million, exclusive of interest and costs, § 1332(d)(2), and (3) a class size greater than 100 persons. § 1332(d)(5)(B); *Strawn*, 530 F.3d at 295.

In the case at bar, Defendant's notice of removal fails to allege the necessary jurisdictional facts for removal under CAFA. (ECF No. 1). Nowhere in the notice of removal does Defendant allege that the size of the putative class is greater than 100 persons. (*Id.*). This failure to allege a jurisdictional fact makes the notice defective.

While a defendant may freely amend the notice of removal within the thirty-day period for removal set forth by 28 U.S.C. § 1446(b), *Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D. Va. 1980), here, Defendant failed to do so. Indeed, even if the Court were to accept Defendant's claim that the thirty-day period began on June 11, 2013 with service of Plaintiff's amended complaint, (ECF No. 1 ¶ 16), the deadline for Defendant freely to amend the notice of removal

would have been July 11, 2013. This deadline has passed, and Defendant has not amended its notice.

Beyond the thirty-day period, "*[d]efective allegations* of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (emphasis added); *see generally* WRIGHT & MILLER, § 3733. However, Defendant did not merely make a defective allegation; it utterly failed to allege a jurisdictional fact, namely that the size of the putative class is greater than 100 persons.

Within the Fourth Circuit, district courts have split into two school regarding the application of §1653 after the thirty-day window for removal under § 1446(b) has elapsed. This Court has frequently adhered to a "strict constructionist" approach under which amendments after § 1446(b)'s thirty-day period are allowed "only for the purpose of setting forth more specifically grounds that had been imperfectly stated in the original petition; missing allegations may not be supplied nor new allegations furnished." *Council of Unit Owners of Fireside Condominium v. Bank of New York Mellon*, No. 13-CV-0420-AW, 2013 WL 2370515, *2-*3 (D. Md. May 29, 2013) (quoting *Receivership of Mann Bracken, LLP v. Cline*, No. RWT-12-CV-292, 2012 WL 2921355, *6 (D. Md. July 16, 2012); *see also Thompson*, 491 F.Supp. at 28-29 (holding that " an amendment will be allowed when there are enough facts alleged in the petition and accompanying pleadings to enable the Court to determine without more that the basis for removal is present . . . . But where the essential facts necessary to justify removal are not alleged either perfectly or imperfectly, then the case must be remanded.").

By contrast, some of our sister courts have adopted a more liberal approach of allowing supplemental allegations where "the imperfection in the jurisdictional allegation is a 'mere defect.'" *Muehlenbeck v. KI, LLC,* 304 F.Supp.2d 797, 801 (E.D. Va. 2004). However, even

under this liberal approach "[i]f a ground for removal was completely omitted [as opposed to "imperfectly stated"], the court has no discretion to permit amendment under § 1653 and must remand the case to the state court." *Id*; *see also Tincher v. Insurance Co. of State of Pa.*, 266 F.Supp.2d 666, 668 (E.D. Va.) (holding that defendant could not amend its notice of removal to include a new allegation that a co-defendant, a citizen of Virginia where the case was brought, was fraudulently joined and not a true party in interest).

Allowing amendments to include entirely new allegations would "substantially eviscerate" the thirty-day time limit for removal prescribed by Congress in § 1446 (b). *Council of Unit Owners of Fireside Condominium*, 2013 WL 2370515 at *3 (quoting *Mann Bracken*, 2012 WL 2921355 at *6). This definite time limit, prescribed by Congress, is necessary to allow parties quickly to know what court has jurisdiction over their case.

Cases in which courts have been willing to find that an imperfection in the jurisdictional allegation was a "mere defect" and therefore allow supplemental allegations are those in which a defendant imperfectly alleges diversity of citizenship by failing to allege one of the required facts to establish the citizenship of a corporation or an LLC. *See, e.g., DBS, Inc. v. Selective Way Ins. Co.*, 2:13-CV-312, 2013 WL 3729169 at *3 (E.D. Va. July 10, 2013) (allowing defendant corporation to file an amended notice of removal where it had alleged its state of incorporation at the time of the filing of the complaint and at the time of the filing of the notice of removal, as well as its principal place of business at the time of the filing of the notice of removal, but failed to allege its principal place of business at the time of the filing of the complaint); *Muehlenbeck*, 304 F.Supp.2d at 798-99 (allowing defendant LLC to file an amended removal petition where it had alleged that it was "an Alaska native limited liability company with its principal place of business in Colorado Springs, Colorado" but failed to allege the citizenship of its members). In

dicta, the Fourth Circuit has suggested that it might side with this liberal approach with regard to defectively alleged corporate citizenship. *Nutter v. New Rents, Inc.,* 345 F.2d 398 (4th Cir. 1991) (stating that it would have allowed an amendment to defendant's notice of removal, which stated that defendant was a "Kentucky corporation," to clarify that Kentucky was defendant's "principal place of business").

In the case at bar, however, Defendant's omission is neither a "mere defect" in the jurisdictional allegation nor an issue of mere "choice of verbiage." *Nutter*, 1991 WL 193490 at *2. Defendant's notice of removal completely omits to allege the size of the putative class, which is one of the three required elements for federal jurisdiction under CAFA. § 1332(d)(5)(B); *Strawn*, 530 F.3d at 295; (ECF No. 1). This is unlike the cases cited above in which a defendant alleges diversity of citizenship, albeit imperfectly. In this respect, the case at bar most closely resembles *Tincher*, 266 F.Supp.2d 666, where the issue of improper joinder was never alleged in the original notice of removal. As in *Tincher*, allowing Defendant to amend its notice would allow it to insert an allegation that is entirely missing from the notice. As courts of both the liberal and conservative schools agree, § 1653 does not afford this Court the discretion to permit Defendant to so amend its notice of removal.

Therefore, Defendant's notice of removal is incurably defective and ineffective with regard to its claim of federal jurisdiction pursuant to CAFA.

  **b) Defendant Has Failed to Demonstrate Federal Jurisdiction Pursuant to 28 U.S.C. §1332(a)**

In addition to alleging federal jurisdiction under CAFA, Defendant's notice of removal also alleges federal jurisdiction pursuant to 28 U.S.C. §1332(a). (ECF No. 1 ¶ 6). A defendant seeking to remove a class action pursuant to 28 U.S.C. § 1332(a) must allege (1) diversity of

citizenship between the named plaintiff and the defendant, *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 186 n.3 (4th Cir. 1993) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)), and (2) that the "matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs" for at least one member of the putative class. *Exxon Mobil Corp v. Allapattah Services*, 545 U.S. 546 (2005); ERWIN CHEMERINSKY, FEDERAL JURISDICTION 332-33 (6th Ed.).

As the Fourth Circuit has repeatedly held "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court, through removal, it is the defendant who carries the burden of alleging in his notice of removal, and if challenged, demonstrating the court's jurisdiction over the matter." *Strawn*, 530 F.3d at 297 (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)). By ensuring that removal occurs only where jurisdictional facts supporting it are properly pled and sufficiently demonstrated, courts can provide litigants with certainty and predictability concerning what court has jurisdiction over their claims. Therefore, where "federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

Here, Defendant's notice of removal alleges that "the matter in controversy exceeds the sum of $75,000.00 and $5,000,000.00, exclusive of interest and costs, with respect to the Plaintiff and the class he seeks to represent." (ECF No. 1 ¶ 6). In support of this claim, Defendant offers that "Plaintiff alleges in the Amended Complaint that he seeks statutory damages of $50,000 and a trebling of damages . . . on behalf of class members, which includes Plaintiff." (ECF No.1 ¶ 11). Defendant further states that Plaintiff demands injunctive relief in addition to damages, which, "if granted, would prohibit Defendant from collecting the outstanding balance owed by Plaintiff while also allowing Plaintiff to avoid fees to defend against a suit to collect the balance owed." (*Id.* ¶ 12). Finally, Defendant notes that the attorneys'

fees demanded by Plaintiff "should be considered in determining whether the amount in controversy requirement has been met." (*Id.* ¶ 13). On the basis of these three allegations, Defendant asserts that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs, with respect to the Named Plaintiff." (*Id.* ¶ 14).

Plaintiff challenges this claim in his motion to remand arguing that he is seeking $50,000 in damages on behalf of himself, as alleged in the amended complaint, and not $75,000. (ECF 16-1 at 6 n.4). In particular, Defendant asserts that the $50,000 figure "is a post-trebling figure." (*Id.*)

In its response to Plaintiff's motion to remand, Defendant marshals evidence in an effort to support its allegation that the total amount in controversy for the putative class exceeds $5,000,000. (ECF No. 20). However, nowhere in its response does Defendant put forth any evidence to support the allegation that the amount in controversy exceeds $75,000 for the Plaintiff or any other individual member of the putative class. (*Id.*). In fact, Defendant adopts Plaintiff's figure of $50,000 using it as the basis to argue that the amount in controversy for the entire putative class is more than $5,000,000. (*Id.* at 2, 3, 5, 7, 8). For example, Defendant argues that "[g]iven that members of the putative class have the same claims . . . , it is reasonable for the Court to consider the quantification by Plaintiff that individual damages are $50,000 when determining whether the CAFA amount-in-controversy threshold has been met." (*Id.* at 5). Further, Defendant concedes that "Plaintiff has made a good faith claim that his damages are $50,000.00." (*Id.* at 7).

At a minimum, Defendant's burden is to demonstrate jurisdiction by a preponderance of the evidence. § 1446(c)(2)(B), *but see Delph v. Allstate Home Mortg.,* 478 F.Supp.2d 852, 854 (D. Md. 2007) ("Since, Plaintiff has claimed a specific amount of damages, the burden is on

Defendant *to show a legal certainty* that Plaintiff's claims exceed the jurisdictional minimum.") (emphasis added). Defendant falls far short of his burden. Defendant does not establish any specific amount that it believes Plaintiff may recover on behalf of himself, and its general allegation that this amount exceeds $75,000 is speculative at best. *Delph,* 478 F.Supp.2d at 855 (finding that defendant's "speculat[ion] that the amount could exceed the jurisdictional minimum" fails to prove this fact by a preponderance of the evidence) (citing *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998)).

Defendant has failed to properly allege federal jurisdiction under CAFA and has failed to adequately demonstrate federal jurisdiction under §1332(a). This Court therefore concludes that it lacks jurisdiction.

## IV. CONCLUSION

Accordingly, an order shall issue GRANTING Plaintiff's motion to remand the case to state court (ECF No.16).

Dated this 12th day of September, 2013

BY THE COURT:

/s/
James K. Bredar
United States District Judge